JAN P. WEIR, STATE BAR NO. 106652
KEVIN W. KIRSCH, STATE BAR NO. 166184
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:(949) 725-4000
Fax:(949) 725-4100

Attorneys For Plaintiff
BIOGENEX LABORATORIES, INC.

RON E. SHULMAN, STATE BAR NO. 178263
ROGER J. CHIN, STATE BAR NO. 184662
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Fax: (650) 565-5100

Attorneys for Defendant
VENTANA MEDICAL SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIOGENEX LABORATORIES, INC., Plaintiff<br>vs.<br>VENTANA MEDICAL SYSTEMS, INC., Defendant. | CASE NO. C03 03916 JF (PVT)<br>**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER** AND ADDENDUM THERETO<br>Honorable Jeremy Fogel |
| AND RELATED COUNTERCLAIM. | |

The parties to this patent case believe that the discovery process will require the disclosure by the parties or third parties to another party of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), and that the interests of the parties and any third parties who disclose confidential information would be served by the entry of an order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of such information. As such, and upon stipulation by the parties,

IT IS HEREBY ORDERED as follows;

1. CONFIDENTIAL INFORMATION, as defined herein, disclosed by a plaintiff, a defendant, or a third party (hereinafter "producing party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used solely for purposes of this action.

2. Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number.

3. CONFIDENTIAL INFORMATION shall consist of confidential technical, research, developmental, commercial, business, employment, financial or other proprietary information or sensitive personal information which is nonpublic or is restricted from disclosure by obligations with a non-party (such as a customer) and which the designating party (and its counsel) reasonably believes warrants protection under FRCP 26(c). See Addendum hereto. PVT ~~is of such a nature and character that the unlimited disclosure thereof to others would be harmful to the designating party or its business or to a non-party (such as a customer) or its business or would provide the receiving party with a competitive advantage over the designating party or non-party (such as a customer)~~). PVT Any information derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION.

4. "CONFIDENTIAL ATTORNEYS' EYES ONLY" information shall consist of confidential technical, research, developmental, commercial, business,

employment, financial, or other proprietary information or sensitive personal information which is nonpublic or is restricted from disclosure by obligations with a non-party (such as a customer) and for which the potential injury from disclosure is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer. See Addendum Hereto. PVT ~~which the designating party reasonably believes is of such a particularly sensitive nature and character that the unlimited disclosure thereof to others, would be harmful to the designating party or its business or to a non-party (such as a customer) or its business or would provide the receiving party with a competitive advantage over the designating party or non-party (such as a customer)~~. PVT PVT Any information derived from CONFIDENTIAL ATTORNEYS' EYES ONLY information also constitutes CONFIDENTIAL ATTORNEYS' EYES ONLY information to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL ATTORNEYS' EYES ONLY information. ~~The designating party agrees that utilization of the designation "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be limited to circumstances wherein the designating party can demonstrate or reasonably believes that designating the information as "CONFIDENTIAL" information would be insufficient to protect its legitimate interests~~. PVT

5. Information to be treated under this Protective Order as CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information shall include:

(a) Information set forth in discovery requests or responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for inspection under Fed. R Civ. P. 33(d) or 34, provided that, prior to delivery to the receiving party, the discovery requests, responses, documents or copies of documents are marked by the producing party with the following alternative legends:

CONFIDENTIAL

or

CONFIDENTIAL ATTORNEYS EYES ONLY

     (b) Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30, if the producing party has (i) indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript, that portions of the deposition contain CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information and (ii) has instructed the court reporter prior to preparation of the transcript to indicate on the face page of the deposition that it contains CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information; or (iii) has notified opposing counsel in writing within twenty days (20) days after receipt of the transcript that the deposition contains CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information. Until such time that the designations referred to in the preceding sentence may be made, the parties shall treat information disclosed in the deposition as CONFIDENTIAL ATTORNEYS EYES ONLY information pursuant to this order.

(c) Information revealed by inspection of things or premises under Fed. R. Civ. P. 34, to the extent designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY by the producing party prior to the inspection or within ten (10) days after the inspection..

(d) Information introduced at trial or other hearing by a party and any transcripts of such proceedings, if so designated by one of the parties within ten (10) days of the end of the trial or hearing, subject to approval by the Court;

(e) Non-parties who have been subpoenaed to testify or produce documents may likewise declare that any deposition testimony or, with the approval of the court, hearing or trial testimony, or document or thing produced by them contains information, which is CONFIDENTIAL information and/or CONFIDENTIAL ATTORNEYS EYES ONLY information, and such non-parties shall have the same rights and obligations with respect to such information as the parties hereto.

See Paragraph 16. PVT

6. ~~Nothing shall be regarded as CONFIDENTIAL information and/or CONFIDENTIAL ATTORNEYS' EYES ONLY information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain, through no act, fault, or failure of the receiving party; (c) is lawfully in the receiving party's possession at the time of disclosure through no act, fault, or failure of the receiving party or any third party having a duty of confidentiality to the disclosing party; (d) is received at a later date by the receiving party from a third party who has the right to make such a disclosure; or (e) is independently developed by the receiving party by persons without access to such CONFIDENTIAL information and/or CONFIDENTIAL ATTORNEYS' EYES ONLY information which development is adequately documented.~~ PVT

7. All CONFIDENTIAL information and/or CONFIDENTIAL ATTORNEYS' EYES ONLY information produced or revealed by the parties or non-parties in the course of this litigation shall be used solely for the purpose of this litigation, and for no other purpose, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

8. Access to Confidential information shall be limited to "Qualified Persons." Qualified Persons shall include:

(a) the Court, the jury and alternate jurors empanelled by the Court in this action, court appointed special masters, court appointed independent experts, employees of the Court, court reporters who transcribe depositions, hearings, or trial testimony in this case, court-appointed or party-selected arbitrators, mediators or ENE evaluators (used in this case as part of an ADR procedure), videographers who videotape depositions in this case;

(b) the outside attorneys of record in this case;

(c) persons employed in the offices of the attorneys of record;

(d) outside litigation support vendors providing assistance (such as photocopying, scanning, printing, stenography, videography and graphics) to

attorneys of record who are under a duty of confidentiality, but specifically not mock juror(s);

(e) "Qualified Experts" (as defined below) retained to assist in this litigation;

(f) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts in this action who agree to be bound by the terms of this Order;

(g) authors, creators and previous, lawful recipients of the Confidential information and their respective counsel;

(h) other persons with the prior written approval of counsel for the ~~disclosing~~ designating party or non-party;

(i) other persons as ordered by the Court.

(j) "Other Qualified Persons," defined herein as directors, officers, in-house counsel, or employees of each party to this action, consultation with whom is reasonably deemed necessary by outside counsel of record to assist in the prosecution, defense, settlement or trial of this action, subject to the following conditions: If a receiving party wishes to disclose or reveal information designated as "Confidential" to Other Qualified Persons, that receiving party shall so request in writing to the ~~producing~~ designating party. The writing shall identify the specific documents or information at issue and identify the names and affiliations of all person to whom the party wishes to disclose the document or information. The parties agree to in good faith discuss and attempt to resolve the issue, including consideration of additional terms and conditions under which such disclosure could be made, balancing the interests of the receiving party to receive from and provide to its counsel fully informed advice, and consent, and the interests of the ~~producing~~ designating party in protecting the information. If the ~~producing~~ designating party agrees in writing to the disclosure, the disclosure may be made in accordance with the writing once the individual receiving the information has agreed to signed an "Acknowledgment" in

substantially the same form as Exhibit A attached hereto, agreeing to abide by the restrictions contained herein. If the ~~producing~~ designating party does not agree in writing, to the disclosure, the receiving party may seek an Order from the Court allowing disclosure to such persons and on such terms and conditions as the Court deems necessary and appropriate. The burden is on the designating party ~~seeking disclosure to show that the disclosure is necessary and would not injure the original disclosing party~~ to show that protection is warranted under FRCP 26(c). Neither this paragraph nor the fact that a party may agree to a disclosure under the terms herein is or shall be deemed a waiver or relinquishment of any benefits, terms or conditions of this Protective Order, all of which remain in full force and affect and bind the parties and the individual who receives any documents or information pursuant to the terms of this paragraph.

9. Access to CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be limited to the following persons:

(a) the Court, the jury and alternate jurors empanelled by the Court in this action, court appointed special masters, court appointed independent experts, employees of the Court, court reporters who transcribe depositions, hearings, or trial testimony in this case, court-appointed or party-selected arbitrators, mediators or ENE evaluators (used in this case as part of an ADR procedure), videographers who videotape depositions in this case;

(b) the outside attorneys of record in this case;

(c) persons employed in the offices of the attorneys of record;

(d) outside litigation support vendors providing assistance (such as photocopying, scanning, printing, stenography, videography and graphics) to attorneys of record who are under a duty of confidentiality, but specifically not mock juror(s);

(e) "Qualified Experts" (as defined below) retained to assist in this litigation;

(f) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts in this action who agree to be bound by the terms of this Order;

(g) authors, creators and previous, lawful recipients of the Confidential information and their respective counsel;

(h) other persons with the prior written approval of counsel for the ~~disclosing~~ designating party or non-party;

(i) other persons as ordered by the Court.

10. Persons having access to Confidential information or Confidential Attorneys' Eyes Only information identified in paragraph 8(e), (h) and (j), and 9(e) and (h) shall be shown a copy of this Protective Order and must review and sign an "Acknowledgment" in substantially the same form as Exhibit A attached hereto, stating that they agree to be bound by its terms prior to any disclosure of such information. The party utilizing such persons must provide a copy of the signed statement to the other parties to this action prior to any such disclosure.

11. An outside (i.e., non-employee) expert witness or consultant of a party may become a Qualified Expert if: (a) said expert witness or consultant is first designated by written notice to the other party, which written notice shall include a copy of the expert witness or consultant's current curriculum vitae and/or resume and a brief description of the expert witness or consultant's business occupation(s) and affiliation(s) for the ten (10) year period preceding the date of the notice; (b) said expert witness or consultant executes the "Acknowledgment" in the form attached hereto as Exhibit A and a copy thereof provided to the non-designating party; and (c) the non-designating party does not object in writing to the expert or consultant's designation within ten (10) business days of receipt of such notice. The parties agree not to depose any "consultant" identified pursuant to this provision, based solely on such identification, unless designated by the disclosing party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2). If the non-

designating party objects to an expert witness or consultant's designation as set forth above, the parties shall meet and confer in a good faith effort to resolve the objection. Said meet and confer shall occur within five (5) business days of the date the designating party receives notice of objection to its designation, unless the parties stipulate in writing to extend the meet and confer period. If the meet and confer does not resolve the pending objections to the designation, then the party objecting to an expert witness or consultant's designation must move for a protective order within ten (10) business days of the conclusion of the meet and confer period set forth supra, unless the parties stipulate in writing to extend the time within which such a motion might be filed. If the objecting party fails to file a motion within ten (10) business days of the conclusion of the meet and confer process, the potential expert or consultant shall be deemed a "Qualified Expert" under this agreement. Until any such objection is resolved by the parties or the Court, the designated expert or consultant shall be prohibited from having access to the Confidential information of the objecting party. The burden is on the party objecting to such disclosure to show that the ~~disclosure would be harmful~~ risk of harm from disclosure outweighs the needs of the party seeking disclosure. PVT

12. CONFIDENTIAL information shall not be made public by the receiving party, shall be used only by persons permitted access to it under Paragraph 8 and shall be disclosed only to persons specified in Paragraph 8.

13. CONFIDENTIAL ATTORNEYS EYES ONLY information shall not be made public by the receiving party, shall be used only by persons permitted access to it under Paragraph 9 and shall be disclosed only to persons specified in Paragraph 9.

14. CONFIDENTIAL information and CONFIDENTIAL ATTORNEYS EYES ONLY information shall be kept in such a manner as to ensure that access thereto is limited to the persons properly having access thereto under the terms of the protective order.

15. If CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information is to be filed with the Court in connection with this proceeding, it shall be ~~filed~~ placed PV in a sealed envelope marked with the following legend or substantially similar legend:

"Contains CONFIDENTIAL [ATTORNEYS EYES ONLY] information
To Be Opened Only By Or As Directed By The Court
Ventana v. BioGenex
Civil Action No. CV 03-092-TUC-RCC"

and shall be submitted to the court with a request to seal. See Addendum Hereto. PV

In addition, any document that is to be filed in this action and that contains CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information shall be marked "FILED UNDER SEAL" on its cover page.

16. The acceptance of CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information by the parties shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information is in fact confidential. Any receiving party may at any time request that the designating party cancel the CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information designation with respect to any document, object or information. Such request shall be made to counsel for the designating party, and shall particularly identify the designated CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information that the receiving party contends is not confidential and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information designation, then the party contending that such documents or information are not confidential may request by motion that the Court remove such information from the restrictions of this Order. The burden of demonstrating that the information is confidential shall be on the designating parry.

17. This Protective Order shall not prevent a party from attempting to examine as witnesses, at depositions and at trial, persons who are not authorized to receive CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information, as identified herein, so long as such examination concerns CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by foundation testimony during the deposition or trial. This Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information, so long as such examination shall be in a manner that does not disclose the details of the CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information. CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information of a producing party may be used to examine, at deposition and at trial (or other court hearing), any person who is at the time of examination employed by or affiliated with the producing party.

18. CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to paragraph 8 and 9, but may not be used for any other purpose except by further Order of the Court. Any request to close the courtroom at trial or motion proceedings shall be made to the judge presiding at such trial or motion proceeding. PVT ~~At the request of a producing party, any person(s) not permitted access to CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information under paragraph 8 and 9 may be barred from attending any portion of trial, any motion hearing, or depositions at which CONFIDENTIAL information or~~ PVT

~~CONFIDENTIAL ATTORNEYS EYES ONLY information is revealed, subject to any further Order regarding confidentiality as this Court may enter.~~ pvt

19. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information to unauthorized persons.

20. If the discovery process calls for the production of information which a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Protective Order. When such written notice is given to the third party, the party requested to produce the information will advise the potential receiving party that such notice has been given. The third party will have fourteen (14) days from receipt of the written notice in which to seek relief from the Court, if the third party so desires. If the fourteen (14) days elapse without the third party seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order so long as such production does not directly conflict with another Order of a Court of competent jurisdiction.

21. If a party has produced information by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without the designation required by paragraph 3 or 4, where (a) such disclosure resulted from inadvertence or mistake on the part of the producing party and (b) such inadvertent or mistaken disclosure has been brought

to the attention of the receiving party after discovery of such disclosure, upon notification of such inadvertent or mistaken disclosure of documents, the receiving party immediately therafter shall treat such documents as either CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information as designated by the disclosing party.

22. Should any CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information and to bind such person to the terms of this Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Protective Order; (c) within five (5) days of the discovery of such disclosure, identify such person to the producing party; and (d) request such person to sign the Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) days of its execution by the party to whom CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information was disclosed. These steps shall be in addition to any other remedies that the producing parties may have.

23. If, in the course of obtaining discovery from a third party in connection with this action, the third party believes that requested information is CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information as defined in Section 3 and 4 above, the third party may produce such information to the parties, designating it as CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information using the procedures set forth in Section 3 and 4. Such third party who elects to produce information

pursuant to this Protective Order shall be treated as a "~~producing~~ designating party" hereunder. PVT Such third party's CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information shall be used and disclosed only in accordance with the terms of this Protective Order, and such third party shall have the right to seek enforcement of this Protective Order in this Court with respect to such CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information.

Nothing in this Protective Order shall require disclosure of information which counsel contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

24. See Hartford Fire Ins. Co. v. Garvey, 109 FRD 323, 331-32 (ND Cal 1985) PVT ~~If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. The producing party may request the return of such inadvertently or mistakenly produced documents.~~ PVT

25. See Paragraph 16. ~~The restrictions and obligations set forth in this Protective Order relating to CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information shall not apply to any information which (i) the parties (including the producing party) agree, or the Court rules, is already public knowledge, (ii) the parties (including the producing party) agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, or (iii) is in the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information if said person already has legitimate possession thereof.~~ PVT

26. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional

protective orders. Nothing herein shall prevent any party from disclosing its own Confidential Information in any manner that it considers appropriate.

27. This Protective Order shall survive the termination of this action.

28. After final termination of this action, trial counsel for the receiving party may each retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, pleadings served on the parties, deposition transcripts and transcripts of court proceedings, and CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information to the extent it is included in or reflected by an attorney's work product. Such material shall continue to be treated as CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information under this agreement. After final termination of this action including any appeals, counsel for the receiving party shall either return all additional CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information in its possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information in discovery or shall certify destruction thereof to such counsel. As to CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information reflected in computer databases or backup tapes, the receiving party shall delete all such CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL information or CONFIDENTIAL ATTORNEYS EYES ONLY information.

**IT IS SO STIPULATED.**

DATED: June 30, 2004

WILSON SONSINI GOODRICH & ROSATI

By: /s/ Roger J. Chin
Ron E. Shulman
Roger J. Chin
Attorneys for Defendant
VENTANA MEDICAL SYSTEMS, INC.

DATED: June 30, 2004

STRADLING YOCCA CARLSON & RAUTH

By: /s/ Kevin W. Kirsch
Jan P. Weir
Kevin W. Kirsch
Attorneys for Plaintiff
BIOGENEX LABORATORIES, INC.

**ORDER**

**IT IS SO ORDERED.**

DATED: 8/18/05

Patricia V. Trumbull
HONORABLE ~~JEREMY FOGEL~~ Patricia V. Trumbull
UNITED STATES ~~DISTRICT~~ Magistrate COURT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BIOGENEX LABORATORIES, INC., Plaintiff vs. VENTANA MEDICAL SYSTEMS, INC., Defendant. AND RELATED COUNTERCLAIM. | CASE NO. C03 03916 JF (PVT) **ACKNOWLEDGMENT** Honorable Jeremy Fogel |

This is to certify I have read the Protective Order entered in the above-entitled matter and agree (a) to be bound by the terms and conditions listed therein; and (b) to be subject to the jurisdiction of the Court and any sanctions imposed by the Court in the event the Court determines I have violated the Protective Order.

Dated: ________

______________________________
Signature

______________________________
Printed Name

-17-

STRADLING YOCCA CARLSON & RAUTH LAWYERS NEWPORT BEACH

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER–C03 03916 JF**

DOCSODOCSOC/1049529v1/12398-0003

# ADDENDUM TO PROTECTIVE ORDER

*Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc.*
Case No. 03-3916 JF (PVT)

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Confidential -- Attorneys Only," the designating party's counsel shall make a good faith determination that the information warrants that level of protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel should note that not all confidential documents warrant the "Confidential -- Attorneys Only" level of protection. This heightened level of protection is appropriate only for the most highly sensitive information; it is warranted only if "the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer." *Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983). Thus, the court expects the parties to use this designation sparingly. *See, e.g.*, *THK America v. NSK Co., Ltd.*, 157 F.R.D. 637 (N.D. Ill. 1993) (revoking party's right to use "attorneys' eyes only" designation as sanction for bad faith overuse of that designation).

Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential -- Attorneys' Eyes Only" puts an additional burden on the court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-

designated.

REQUESTS TO FILE DOCUMENTS UNDER SEAL

Any party wishing to file any document(s) designated "Confidential" or "Confidential -- Attorneys' Eyes Only" shall lodge the document(s) along with a Request for Sealing pursuant to Civil Local Rule 79-5. The document(s) shall be submitted in an appropriate envelope labeled with the case name and number and the title of the document(s). Unless otherwise ordered by the Court, **WITHIN FIVE DAYS AFTER ANY REQUEST FOR SEALING IS FILED**, any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under rule 26(c). The parties are cautioned that "Broad allegations of harm, however, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Further, the factual showing must address separately each portion of the materials that the party contends warrants protection. *See* Civil Local Rule 79-5.

Dated: 8/18/05

Patricia V. Trumbull
PATRICIA V. TRUMBULL
United States Magistrate Judge